UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DORTHY MCLAUGHLIN, as ) | |
| Special Administrator of the Estate of ) | |
| PATRICK MCLAUGHLIN, deceased ) | |
| ) | Case No. 13 CV 1600 |
| Plaintiffs, ) | |
| ) | Judge Shadid |
| v. ) | |
| ) | Magistrate Judge |
| DR. TILDEN, NURSE JADE DRILLING,) | |
| individually, And WEXFORD HEALTH ) | |
| SOURCES INC., ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO COMPEL

NOW COMES the Plaintiff, by and through her attorneys, GREGORY E. KULIS & ASSOCIATES, LTD., and in support of her motion to compel states as follows:

1) The Defendants tendered to Plaintiff Supplemental Disclosures on September 29, 2014. The Defendants disclosed that they had the following documents but refused to tender them to the Plaintiff based on privilege: Wexford Mortality Review Worksheet, Wexford Mobility Survey Report, and the Wexford Death Summary (please see attached Exhibits A).

2) The Plaintiff tendered Requests to Produce on the Defendants which the Defendants responded to. One of the Requests was "all documents authored by Defendant Dr. Tilden that relate to any treatment or medical services that he provided Patrick McLaughlin." (please see attached Exhibit B).

3) On December 12, 2014, the Plaintiff deposed Defendant Dr. Tilden. Dr. Tilden admitted in his deposition that he authored a report that was disclosed in Defendants' Supplemental Disclosures regarding the death of Patrick McLaughlin. Counsel for Defendants said the document was protected by privilege.

1

4) This report contains a summary of the death of Patrick McLaughlin authored by Dr. Tilden, and is therefore crucial to the Plaintiff's case. As far as the Plaintiff is concerned, this report constitutes as one of Patrick McLaughlin's medical records. The Plaintiff is entitled to not only see this report, but to depose Defendant Dr. Tilden regarding this report. This report is also responsive to Plaintiff's Request for Production.

5) The counsel for the Plaintiff made a good faith effort to obtain these documents without court action by calling the counsel for the Defendants. The counsel for the Defendants refused to tender the documents in question. (please see attached Exhibit C).

WHEREFORE, the Defendants should be ordered to comply with Plaintiff's outstanding discovery requests and submit any documents authored by Dr. Tilden relating to the allegations in Plaintiff's complaint that have not already been tendered and submit Defendant Dr. Tilden for a second deposition at Defendants' expense and appropriate fees and costs.

Respectfully submitted,

/s/ Brian Orozco

GREGORY E. KULIS AND ASSOCIATES
30 N. LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830