E-FILED
Friday, 27 February, 2015 03:23:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DOROTHY MCLAUGHLIN, as Special Administrator of the Estate of PATRICK MCLAUGHLIN, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 13-cv-1600 |
| DR. TILDEN, NURSE JADE DRILLING, individually, and WEXFORD HEALTH SOURCES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff's Motion to Compel (d/e 24) (Motion to Compel) and Defendants' Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 30(c)(3)(B) (d/e 26) (Motion for Protective Order). For the reasons set forth below, the Motion to Compel is ALLOWED in part and DENIED in part, and the Motion for Protective Order is DENIED.

BACKGROUND

The Plaintiff Dorothy McLaughlin is the Special Administrator of the Estate of the decedent Patrick McLaughlin (the Estate). Patrick McLaughlin died while incarcerated at the Pontiac Correctional Center (Pontiac) in Pontiac, Illinois. Defendant Wexford Health Sources, Inc. (Wexford), provided medical care services to the inmates at Pontiac. Defendants Dr. Tilden and Jade Drilling worked at Pontiac for Wexford. The Estate alleges that the Defendants violated Patrick McLaughlin's constitutional rights in violation of 42 U.S.C. § 1983, in connection with his death. See First Amended Complaint (d/e 21) (Complaint), Counts I and II.

The Estate asks the Court to compel the Defendants to produce three documents prepared in connection with the death of Patrick McLaughlin: the Wexford Mortality Review Worksheet; the Wexford Morbidity Survey Report; and the Wexford Death Summary (collectively the Documents). The Defendants have refused to produce the Documents based on a claim of privilege. The Court directed the Defendants to produce copies of the Documents for in camera inspection. Text Order entered January 26, 2015. The Defendants complied. The Court has reviewed the Documents. The Documents contain information related to the death of Patrick McLaughlin, including some information related to an evaluation of the

Defendants' practices related to the death. Defendant Dr. Tilden admitted in his deposition that he authored the Documents. Motion to Compel, at 3.

ANALYSIS

The validity of the Defendants' claim of privilege is governed by federal law because the Estate alleges federal claims. Fed. R. Evid. 501. To evaluate a claim of privilege, this Court applies, "the common law—as interpreted by the United States courts in light of reason and experience" unless some constitutional principle or federal statute or rule controls. Id. The federal common law has not generally recognized a privilege for the morbidity and mortality evaluation documents such as the Documents.

The Defendants ask the Court to extend an Illinois state law privilege to federal cases under federal common law privilege principles. The Defendants rely on a privilege established by the Illinois Medical Studies Act (Illinois Act). 735 ILCS 5/8-2102. The Documents would be privileged in Illinois courts pursuant to the Illinois Act.

The Court applies the following factors in determining whether to recognize a privilege under Rule 501:

> First, because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed. Second, in deciding whether the privilege asserted should be recognized, it is important to take into account the particular factual circumstances of the case in which the issue

arises. The court should "weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case."

Memorial Hosp. for McHenry County v. Shadur, 664 F.2d 1058, 1061-62 (7th Cir. 1981) (quoting Ryan v. Commissioner of Internal Revenue, 568 F.2d 531, 543 (7th Cir. 1977)) (internal citations omitted). In addition, considerations of comity weigh in favor of recognizing state privileges "where this can be accomplished at no substantial cost to federal substantive and procedural policy." Shadur, 664 F.2d at 1061.

The factors cited in Shadur weigh against recognizing a privilege for these types of medical evaluations of treatment and procedures in this case. The treatment of Patrick McLaughlin and the Defendants' procedures are clearly relevant to factual circumstances of the Estate's claim. The Estate contends that the Defendants were responsible for Patrick McLaughlin's death because of those procedures and practices. See Complaint, ¶¶ 15-18. The Documents are relevant to the Court's fact-finding function in this case. As such, a privilege for such documents would impede the search for truth in this case.

Illinois established the privilege to promote the free and frank flow of information among medical professionals engaged in review and evaluation

of medical practices and procedures. The privilege encourages self-analysis medical practices and procedures. See Shadur, 664 F.2d at 1062. Illinois determined that protecting the flow of that information outweighed the interests in seeking truth in court.

In this case, the interest of seeking truth outweighs concerns about the flow of information among medical professionals. The Documents directly relate to issues of cause of death. The Documents are authored by Defendant Dr. Tilden. In such circumstances when the information at issue is relevant to the central issues in the case, the Court will not recognize a claim of privilege. See Shadur, 664 F.2d at 1062.

The Defendants urge the Court to follow the decision in Freeman v. Fairman, 917 F. Supp. 586 (N.D. Ill. 1996). The Court in Freeman recognized the privilege established under the Illinois Act. The information at issue in Freeman, however, only related to supplemental state law claims. The Freeman court decided that the State's policies embodied in the Illinois Act were entitled to greater weight because the information only related to state law claims. Id. at 588-89. In this case, the Estate brings two federal claims in this case, and no state law claims. The deference to Illinois policy does not apply. The Defendants are directed to produce the

Documents, subject to the HIPAA Qualified Protective Order entered February 19, 2014 (d/e 7).

The Estate also asks to re-depose Defendant Dr. Tilden at Defendants' cost and expense.  The Defendants ask for a protective order to bar a second deposition.  The Estate may re-depose Dr. Tilden concerning the Documents.  The Estate, however, will bear its own costs and expenses in connection with the second deposition.  The Defendants correctly point out that the Estate was aware of the Documents and the claim of privilege in September 2014, but elected to take Dr. Tilden's deposition in December 2014 before moving to compel their production. See Motion to Compel, at 1.

The Estate, however, learned for the first time at the December 2014 deposition that Dr. Tilden authored the Documents.  Id.  Under these circumstances, the Estate should be allowed to re-depose Dr. Tilden concerning the Documents.  The Estate, however, should pay its own costs for the deposition.  The Defendants did not hide the Documents.  The Defendants further had a good faith basis to assert the claim of privilege.

The Court further determines in its discretion that each party should bear its or their own costs and expenses incurred in connection with these Motions.  Fed. R. Civ. P. 37(a)(5)(C).

THEREFORE, Plaintiff's Motion to Compel (d/e 24) is ALLOWED in part and DENIED in part; and Defendants' Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 30(c)(3)(B) (d/e 26) is DENIED.  Each party shall bear its or their own costs and expenses incurred in connection with these Motions.

ENTER:   February 27, 2015

                                               *s/ Tom Schanzle-Haskins*
                                            UNITED STATES MAGISTRATE JUDGE